J-S37028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTONIO BUNDY | : | |
| | : | |
| Appellant | : | No. 1270 EDA 2021 |

Appeal from the PCRA Order Entered June 2, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0715041-1976

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED JANUARY 4, 2022**

Antonio Bundy (Appellant) appeals *pro se* from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In a prior decision, this Court summarized the factual and procedural history of this case as follows:

> In December of 1976, following a jury trial, Appellant was convicted of murder in the second degree, robbery, resisting arrest, possession of an instrument of crime, and weapons offenses stemming from his daytime robbery and murder of an elderly man in Center City Philadelphia.  [At trial, Appellant argued he acted in self-defense or, in the alternative, in the heat of passion.  He claimed when he tried to rob the victim, the victim pulled a knife.  Appellant, fearing for his life, stabbed him during a scuffle over the weapon.  ***Commonwealth v. Bundy***, 494 A.2d 476 (Pa. Super. 1985) (unpublished memorandum, at 3);

---

[*] Former Justice specially assigned to the Superior Court.

Commonwealth's Brief at 2-3.] On October 4, 1977, the court sentenced Appellant to life imprisonment for his murder conviction in addition to concurrent sentences for the other offenses. On direct appeal, our Supreme Court affirmed the sentence *per curiam* on May 16, 1980. (**See Commonwealth v. Bundy**, 414 A.2d 130 (Pa. 1980)).

On October 13, 1983, Appellant filed his first *pro se* petition under the former Post Conviction Hearing Act (PCHA). The court appointed counsel and, after a hearing, denied relief. This Court affirmed the denial by *per curiam* order on March 22, 1985, and Appellant did not petition for allowance of appeal with our Supreme Court. (**See Commonwealth v. Bundy**, 494 A.2d 476 (Pa. Super. 1985) (unpublished memorandum)).

**Commonwealth v. Bundy**, 47 A.3d 1235 (Pa. Super. 2012) (unpublished memorandum, at 1-2) (footnote omitted), **appeal denied**, 50 A.3d 691 (Pa. 2012).

Appellant subsequently and unsuccessfully filed multiple serial PCRA petitions. This Court affirmed the denials of relief. On August 3, 2018, Appellant filed the underlying PCRA petition. Later that year, proceedings were stayed at Appellant's request; proceedings resumed in late 2020. On February 5, 2021, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Appellant filed a response on February 23, 2021. The PCRA court dismissed the petition as untimely on June 2, 2021. This appeal followed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, as it had attached an opinion to its June 2, 2021 order.

Appellant presents four issues in this appeal:

[1.] Did the Lower Court misapply the Law[?]

[2.] Did the Lower Court violate Appellant's Constitutional Rights[?]

[3.] Did the Lower Court violated it's [*sic*] own Rules[?]

[4.] Did the Lower Court disregard the Constitutional Court Rules[?]

Appellant's Brief at 6.

It is well-settled that we review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

To be timely, PCRA petitions, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has found the PCRA's time restriction to be constitutionally sound. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004).

The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, the courts lack jurisdiction. **Commonwealth v. Wharton**, 886 A.2d 1120, 1124 (Pa. 2005); **see also Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Lewis**, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Appellant's judgment of sentence became final decades ago, in 1980. Appellant did not file the instant petition until August 3, 2018, and thus it is facially untimely.

Appellant may overcome the PCRA time-bar if he alleges and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012); **see also** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the time-bar must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception, courts lack jurisdiction to review the petition or provide relief. **Spotz**, 171 A.3d at 676.

Appellant argues he has satisfied the newly recognized constitutional right exception to the PCRA time-bar set forth at 42 Pa.C.S.A. §

9545(b)(1)(iii), and cites the United States Supreme Court's decision in *McCoy v. Louisiana*, -- U.S. ---, 138 S.Ct. 1500 (2018). In *McCoy*, the United States Supreme Court held that in death penalty cases, the Sixth Amendment does not permit counsel to concede his client's guilt over his client's objections, even if counsel reasonably believes that the concession would be the best way to avoid the death penalty. *McCoy*, 138 S.Ct. at 1509.

> Appellant asserts:
>
> It's the law of the land [now] that trial counsel refra[in] from admitting guilt of defendant when plea is not guilty, and defendant directed trial counsel in that manner, [Appellant's] due process right to a fair trial, and the defendant's right to defend is personal and his choice in exercising that right must be honored.

Appellant's Brief at 11. Appellant also cites to the Pennsylvania Supreme Court's 1978 decision in *Commonwealth v. McKenna*, 383 A.2d 174 (Pa. 1978), and claims the statute under which he was sentenced was unconstitutionally vague. *Id.* at 12-18. Neither case affords relief.

This Court explained the scope of the constitutional right exception in *Commonwealth v. Chambers*, 35 A.3d 34 (Pa. Super. 2011). We stated:

> For purposes of deciding whether the timeliness exception to the PCRA based on the creation of a new constitutional right is applicable, **the distinction between the holding of a case and its rationale is crucial since only a precise creation of a constitutional right can afford a petitioner relief.... [T]he rationale used by the Supreme Court is irrelevant to the evaluation of a § 9545(b)(1)(iii) timeliness exception to the PCRA, as the right must be one that has been expressly recognized by either the Pennsylvania or United States Supreme Court.** Thus, for the purpose of the timeliness exception to the PCRA, only the holding of the case is relevant.

*Id*. at 40-43 (emphasis added).

Pertinent to Appellant's claim regarding ***McCoy***, the PCRA court explained:

> [Appellant has] failed, [], to demonstrate that ***McCoy*** created a new constitutional right that has been held to apply retroactively. To the contrary, ***McCoy*** simply applied a defendant's Sixth Amendment right to autonomy to a new set of facts. ***See e.g. Commonwealth v. Garcia***, 23 A.3d 1059[, 1064-66] (Pa. Super. 2011) [ ] (finding application of criminal defendant's long-standing constitutional right to effective assistance of counsel to new set of facts did not create a "new constitutional right" under the PCRA). Even if the High Court created a new constitutional right, the ***McCoy*** decision itself didn't express the Court's intent to have the decision apply retroactively on collateral review, and [Appellant] cited no decision applying it retroactively.

PCRA Court Opinion, 6/2/21, at 1.

We agree. As in ***Chambers***, ***supra***, Appellant is not basing his argument on a newly-recognized constitutional right as contemplated by the PCRA. Rather, he bases his argument on an extension of the **rationale** in ***McCoy***. "While rationales that support holdings are used by courts to recognize new rights, this judicial tool is not available to PCRA petitioners." ***Chambers***, ***supra*** at 42.

Appellant also claims he is entitled to relief under ***McKenna***, ***supra***. However, Appellant did not raise this claim in his PCRA petition. ***See Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted) (issues not raised in PCRA petition cannot be considered on appeal); ***see also*** PCRA Petition, 8/3/18, at 2-4. Also, as ***McKenna*** was decided in 1978, and Appellant did not file his PCRA petition until 2018, he could not

have satisfied the PCRA requirements to establish an exception as "after-recognized constitutional right." ***Brandon***, ***supra***; ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(iii), (b)(2).

Accordingly, Appellant has failed to plead and prove an exception to the PCRA time-bar. Like the PCRA court, we lack jurisdiction and "the legal authority to address the substantive claims." ***Lewis***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022